OPINION
Appellant, Michael G. Visnich, appeals the judgment entry of the Trumbull County Court of Common Pleas, Probate Division, granting guardianship of his mother to William R. Yauger ("Yauger").
Since there are no findings of fact and conclusions of law or a transcript of the proceedings before the lower court, the factual background of this case rests primarily with a procedural recitation of the matter. On November 24, 1998, Yauger filed an application for appointment of a guardian for Doris E. Visnich ("Doris") on the basis that she was incompetent due to her physical incapacities. Yauger is the brother of Doris. Appellant opposed the appointment of Yauger as the guardian of his mother. The matter was referred to the magistrate, who filed a magistrate's report on February 16, 1999, after a hearing was held. In the report, the magistrate determined that guardianship was necessary due to Doris' mental incapacity, and recommended the appointment of Yauger as the guardian. Appellant filed objections to the magistrate's report on February 26, 1999. In a judgment entry dated February 16, 1999, the trial court adopted the recommendations of the magistrate. In a nunc pro tunc entry dated May 3, 1999, the trial court again adopted the magistrate's recommendation and stated, "Upon independent review of the Magistrate's Report and the Applications for appointment of a guardian, the Court hereby adopts said report * * *." Thus, Yauger was appointed guardian of Doris and her estate.
The record reveals that appellant did not request that the magistrate or the probate court issue findings of fact and conclusions of law.
Appellant, proceeding pro se, now raises the following statements, which will be construed as his assignment of error:
 "The [m]agistrate's report is insufficient on it's [sic] face to justify entering this [g]uardianship [sic] to appellee. The [m]agistrate's report also is insufficient on it's [sic] face to have denied [a]ppellant the [g]uardianship of his [m]other, Doris E. Visnich. The trial court clearly erred in granting [g]uardianship to appellee, and further, clearly erred in denying [a]pplicant-[a]ppellant the right to be heard by due process of law."
 In this assignment of error, appellant contends that the magistrate's report is insufficient to grant guardianship of his mother to Yauger because it is facially insufficient due to the fact that it clearly shows that appellee failed to carry his burden of proving entitlement to guardianship. Appellant further claims that the granting of guardianship of his mother to Yauger was in error since at the hearings before the magistrate, appellee was never questioned. Thus, appellant states that the trial court erred in adopting the magistrate's report.
Pursuant to Civ.R. 53(E)(3)(b), parties objecting to a magistrate's decision must support such objections with "`a transcript of all the evidence submitted to the magistrate relevant to that fact or an affidavit of that evidence if a transcript is not available.'" Yaucey v.Haehn (Mar. 3, 2000), Geauga App. No. 99-G-2210, unreported, at 5. Moreover, "when no transcript or affidavit was provided to the trial court in support of objections to the findings of a magistrate, appellate review of the lower court's adoption of a finding of fact is limited to determining whether such adoption constituted an abuse of discretion."Allen v. Allen (Mar. 31, 2000), Trumbull App. No. 98-T-0204, unreported, at 6. The failure to support objections advanced under Civ.R. 53 precludes any argument on appeal of the factual determinations. Dintinov. Dintino (Dec. 31, 1997), Trumbull App. No. 97-T-0047, unreported, at 5-6. Although an appellant is forestalled from challenging the court's findings of fact, that party may still challenge errors of law stemming from the findings of the magistrate. In re Alexander (Dec. 19, 1997), Trumbull App. No. 96-T-5510, unreported, at 4.
In the instant matter, appellant failed to support his objections to the magistrate's report with a transcript of the relevant evidence or an affidavit if a transcript was unavailable. Consequently, pursuant to our holding in Allen, we are limited to reviewing only whether the trial court's adoption of a finding of fact constituted an abuse of discretion. We also may review any legal errors under the standard set forth in In reAlexander.
Concerning his claim that the magistrate's report is facially insufficient, appellant has failed to provide any reasoning why that entry demonstrates that appellee failed to carry his burden of proving entitlement to guardianship. Indeed, appellant has not demonstrated which provision of R.C. 2111.02, which governs the appointment of a guardian, has been violated. In our review of the magistrate's report, we find no error. Thus, appellant's first claim is not well-taken.
In the second claim, appellant states that the trial court erred in granting guardianship of his mother to Yauger since at the hearings appellee was never questioned. As the trial court was not provided a transcript or an acceptable alternative under the Rules, and we do not have either on appeal as required by App.R. 9, there is no means for us to confirm whether appellee was ever questioned even if such a failure to question would provide the basis for error. Accordingly, under Allen, the trial court's adoption of the magistrate's recommendation that appellee would be the best guardian does not constitute an abuse of discretion. Therefore, appellant's second claim is meritless.
For the foregoing reasons, appellant's assignment of error is without merit and the judgment of the Trumbull County Court of Common Pleas, Probate Division, is affirmed.
 ______________________________________ JUDGE JOSEPH E. MAHONEY, Ret., Eleventh Appellate District, sitting by assignment.
NADER, P.J., O'NEILL, J., concur.